IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRYANT E. DAVIS,<br>*Plaintiff,* | * <br> * <br> *   CASE NO.: PJM-23-78 <br> * <br> * |
| DARIUS HORTON, *et al.,*<br>*Defendant* | * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MEMORANDUM OF SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES, Defendant, Express Funeral Funding, LLC by and through its attorneys, Hasson Barnes, Esq. and the Law Office of Hasson D. Barnes; LLC and moves to dismiss the Complaint filed by Plaintiff, Bryant E. Davis and state as follows:

I.   **INTRODUCTION**

Bryant Davis, detainee of Jessup Correctional Facility and purported partner of deceased person Valerie Stacy Burke, filed a Complaint on January 10, 2023, alleging intentional infliction of emotional distress and deprivation of civil, constitutional, and prisoners' rights. The complaint names Darius Horton of Horton's Funeral Home and Cremations, Express Funeral Funding, LLC, Hartford Insurance Company, Fidelity Investment Company, Department of Public Safety and Corrective Services, and Robert Dean as Defendants. The Compliant claims a total of $1.3 million against all Defendants. Defendant, Express Funeral Funding, LLC is a provider of loans, and in the burial of Valerie Burke, lent funds to Horton's Funeral Home and Cremations. Plaintiff Davis, having much time on his hands, makes a rambling statement

1

containing of only bare, conclusory allegations and conjecture in the claims asserted against Defendants, without identifying the specific acts and omissions allegedly giving rise to the causes of action and does not elaborate on how he suffered monetary damages based on any of the actions he complains of. Likewise, Plaintiff fails to state any facts alleging which Defendant's actions purportedly gave rise to liability to what tort. The purpose of a Complaint is to put Defendant on notice of claims against them, the basics required being specific facts that illustrate the harm done, and facts showing how the harm damaged Plaintiff – none of which is present in Plaintiff's Complaint. As such, Plaintiff's Complaint against Defendant Express Funeral Funding should be dismissed as Plaintiff blatantly fails to articulate what action or inaction gave rise to what tort and how Defendant's actions (whatever they may be) caused any damage to Plaintiff.

## II.   STATEMENT OF FACTS

Plaintiff, Bryant Davis (hereafter referred to as Davis) is a detainee of Jessup Correctional Facility and partner (self-alleged widower) of deceased person Valerie Stacy Burke. (As a point of note, there is no indication that Davis and the deceased were ever married, nor that they have any familial relationship).  Plaintiff alleges that on November 10, 2022, his partner, Valerie Burke passed away and in response, Valerie's brother, Christopher Burke, called to Jessup Correctional Facility to inform the Plaintiff of Valerie's passing.  Plaintiff claims that as spouse and beneficiary of Valerie's life insurance policy, he had to authorize her burial and funeral arrangements. Plaintiff then alleges that the staff of the Jessup Correctional Facility did not tell Plaintiff of the death until November 28 – November 30, 2022 – though Plaintiff does not assert who had knowledge of the death or whose duty it was to inform him, later admitting that he was in solitary confinement for 60 days of lock-up and 30 days of lost phone privileges from

October 25, 2022 to November 23, 2022. Plaintiff further alleges that Lieutenant Dan Owalabi and Lieutenant Taker Oben continued to withhold his phone privileges past November 23, 2022 out of retribution for Complaints he had made against Sergeant Lane and discovery of some fraud committed by Sgt. Lane and that by continuing the restriction past November 23 the officers of the Jessup Correctional Facility intentionally inflicted emotional distress onto Plaintiff because the continued denial of phone access resulted in Valerie not being buried until December 15, 2022 – a little over a month after her death.

Plaintiff then alleges that funeral director of Horton's Funeral Home and Cremations, Darius Horton also intentionally inflicted emotional distress by committing a dereliction of duty by not speaking with Plaintiff before getting a loan from Defendant, Express Funeral Funding, LLC to conduct the funeral. Plaintiff states, without support, that he is the only person who could authorize Valerie Burke's funeral arrangements, notwithstanding the fact that he signed a Power of Attorney and Assignment of Interest for the loan, he further asserts that by getting a loan without his authorization and by waiting until funds were received by The Hartford Insurance Company, Horton's Funeral Home and Cremations was extorting Plaintiff by not moving Valerie's body to another funeral home and instead holding her until decedent's life insurance policy released funds.

Plaintiff then states, without alleging a specific tort or statute, that Defendant, Express Funeral Funding, LLC had an 18% tax on the loan in violation of the laws of the State of Maryland and that they were prohibited from operating in the State of Maryland – again without stating any law to support that contention. To clarify, Defendant, Express Funeral Funding, LLC does not operate in the State of Maryland, Horton's Funeral Home and Cremations was located in North Carolina, the decedent lived in Georgia and Defendant Express Funeral Funding, LLC

is physically located in Indiana, the only connection to the State of Maryland is that Plaintiff happens to reside in Maryland. Defendant Express Funeral Funding, LLC operates by lending funeral homes money to cover funeral and/or burial costs, using applicable insurance policies as collateral. The funeral home provides an Assignment and Power of Attorney, that is signed by all beneficiaries, which allows the insurance company to pay Express Funeral Funding, LLC the amount the insurance company would have paid to the funeral home for the funeral expenses in exchange for an advancement of funds for the funeral expenses.  In this case, Express Funeral Funding, LLC lent Horton's Funeral Home and Cremations Sixteen Thousand Nine Hundred Ninety-One Dollars and Seventy-Seven cents ($16,991.71) and in turn, Horton's Funeral Home and Cremations signed over their right to receive that payment from The Hartford Insurance Company. Plaintiff approved the payment by his signing the Irrevocable Assignment and Power of Attorney. Defendant, Express Funeral Funding, LLC does not have any business dealings within the State of Maryland – the only connection is that Plaintiff signed an Irrevocable Assignment and Power of Attorney authorizing Defendant Express Funeral Funding, LLC to receive funds from The Hartford. Plaintiff alleges an 18% tax on the loan; however, this is either a deliberate mischaracterization or a misunderstanding. The 18% refers to interest on the loan, if the loan is not paid in full within 90 days the interest would be paid by the funeral home or cemetery (not Plaintiff of any other would-be beneficiary), not relating to any party in Maryland, any such payment would not be imposed in Maryland, and any such payment would not be made in Maryland, the terms of such payment would not be made pursuant to the laws of the State of Maryland. At no point was that interest rate imposed concerning the burial of Valerie Burke – as Defendant Express Funeral Funding, LLC received timely reimbursement.

     Additionally, Plaintiff alleges that he did not have the capacity to understand the nature

of Irrevocable Assignment and Power of Attorney because of his status as a layman and inability to retain counsel. To that end Plaintiff states that his assignment should be considered void because the agreement was not made "knowingly, intelligently and voluntarily." Plaintiff in his Complaint, makes no assertion that he suffers from any cognitive or physical disability that would prevent him from being able to understand the agreement as it was written and he does not assert that he is unable to read, write, and understand the English language. Plaintiff also asserts that the agreement was made under duress because each moment Valerie Burke was in a freezer and not buried next to her parents caused him emotional pain, while there is no claim that any of the Defendants were responsible for Ms. Burke's death or maintaining her body after her passing. Finally, Plaintiff alleges that both Fidelity and The Hartford should be liable to him because they did not directly send him the claim forms as he requested in order to expedite the process.

### III.   ARGUMENT

A pleading that "states a claim for relief **must** contain: … (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. Pro. 8(a). (Emphasis added). In filing for Motion for Summary Judgment or Motion to Dismiss, this Court has previously found that "the facts, as well as justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party. *Matushita Elec. Indust. Co v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court, however, has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987)." *Arbabi v. Fred Meyers, Inc.*, 205 F. Supp. 2d 462, 464 (2002). In concerning specifically

motions to dismiss for failure to state a claim, the Supreme Court has found that "'[D]etailed factual allegations'" are not required, *Twombly*, 550 U. S., at 555, but the Rule does call for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 556." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009). Here, Plaintiff has failed articulate any facts that would allow Defendant Express Funeral Funding, LLC or this court to draw a reasonable inference that Defendant Express Funeral Funding, LLC is liable for any misconduct and does not even indicate what misconduct Defendant Express Funeral Funding, LLC has committed. Plaintiff asserts no duty that Defendant Express Funeral Funding, LLC owes them, and they assert no action which would constitute a breach. The closest Plaintiff comes is reference to an "18% tax" which is not factually accurate and that Defendant Express Funeral Funding, LLC is not allowed to operate in the State of Maryland to which they cite no law to support that contention, and which is also factually inaccurate. For the reasons stated below, this Honorable Court should dismiss Plaintiff's complaint against Defendant Express Funeral Funding, LLC with prejudice.

**A.  Plaintiff Has Failed to State a Claim for Which Relief May Be Granted.**

Plaintiff in his Complaint primarily alleges two bases for relief: 1) intentional infliction of emotional distress and; 2) deprivation of civil constitutional and prisoners' rights. Plaintiff does not state what civil constitutional and prisoners' rights he is referring to that were violated but to make a claim for intentional infliction of emotional distress, under Maryland law, a plaintiff must show (1) intentional or reckless conduct; (2) that was extreme and outrageous; (3) the plaintiff suffered severe emotional distress; and (4) there was a causal connection between

the conduct and the emotional distress. citing *Harris v. Jones*, 281 Md. 560, 380 A.2d 611, 614 (1977). *Booth v. County Executive*, 186 F.Supp.3d 479, 488 (2016). Here, Plaintiff fails to state what conduct Defendant Express Funeral Funding, LLC, committed, but to view the facts in the light most favorable to the nonmoving party, the conduct in question was lending money to Horton's Funeral Home and Cremations, while the conduct in question was intentional in that Defendant Express Funeral Funding, LLC intentionally entered into a contract with Horton's Funeral Home and Cremations to lend them Sixteen Thousand Nine Hundred Ninety-One Dollars and Seventy-Seven cents ($16,991.71), the conduct (lending money) would not be considered extreme or outrageous as the standard for extreme and outrageous conduct is characterized as "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' Id. at 614 (quoting Restatement (Second) of Torts § 46 cmt. d (American Law Inst. 1965))." *Booth v. County Executive*, 186 F.Supp.3d 479, 488 (2016). The conduct in question does not meet that standard and in fact is extremely commonplace. The conduct was also not directed at Plaintiff but Horton's Funeral Home and Cremations – Plaintiff was not a party to the agreement. While Plaintiff may have been upset about the delay in his partner being buried and afterwards felt that his feelings were levied against him, such feelings do not amount to the severe emotional trauma required of an intentional infliction of emotional distress claim, in fact there is no mention of the severity of Plaintiff's emotional distress in his Complaint – he cites no need for psychological treatment, no illness sustained as a result of his distress nor any monetary damages sustained as a result of this emotional harm. Finally, there is no causal link between Defendant Express Funeral Funding, LLC lending money to Horton's Funeral Home and Cremations and Plaintiff's emotional distress, even if viewing the facts in a light most favorable

to Plaintiff, that he did not give sufficient authorization for Horton's Funeral Home and Cremations to take out a loan with Defendant Express Funeral Funding, LLC, the cause of his alleged emotional distress is his partner not being buried promptly – a condition that would almost certainly have been exaggerated had Horton's Funeral Home and Cremations not taken out a loan and instead transferred her body to another funeral home as Plaintiff is asserting they should have done. Regardless, whether Horton's Funeral Home and Cremations should have transferred the body or taken out a loan and how those decisions impacted Plaintiff emotionally does not involve any action or inaction on the part of Defendant Express Funeral Funding, LLC. Plaintiff's bald assertion that he did not give valid consent for the agreement to be executed, because he did not "knowingly, intelligently and voluntarily" is insufficient on its face. Plaintiff provides no evidence to support that being a "layman," and not having access to counsel would precluded from knowingly, intelligently and voluntarily making an agreement. By all accounts, Plaintiff is capable of reading, writing, and understanding the English language and does not suffer from any cognitive or physical disabilities which would prevent Plaintiff from knowingly, intelligently and voluntarily agree to the Irrevocable Assignment and Power of Attorney. The fact that Plaintiff is in a correctional facility and not a mental institution would not put any party on notice that Plaintiff lacks the ability to knowingly agree to something but to the contrary, would give the impression that Plaintiff has the mental capacity to make decisions and understand the consequences of his actions. However, by Plaintiff's argument, most agreements would be void as the vast majority of contracts are entered into by people without any legal training and without the advice of counsel. Further, Plaintiff was not a party to the contract, his agreement was merely a condition to enacting the contract between Horton's Funeral Home and Cremations and Express Funeral Funding, LLC.

## IV. CONCLUSION

Even when viewing the facts in the light most favorable to Plaintiff, Plaintiff has made no allegations toward Defendant Express Funeral Funding, LLC that would allow for a finding of liability. Not only does Plaintiff fail to allege the extent of his emotional distress overall, but he fails to articulate what action Defendant Express Funeral Funding, LLC took that inflicted such emotional distress and by association, how that action caused his emotional distress. It's clear that Plaintiff was frustrated and upset by the delays to the burial of his loved one – unfortunately, frustration and grief do not rise to level of trauma required for claim for intention infliction of emotional distress. Rather than processing his emotions, Plaintiff has elected to abuse the Court system to try to financially recover for his frustration by suing everyone involved in the process, whether or not they actually did anything that contributed to that frustration.

WHEREFORE, Defendant, Express Funeral Funding, LLC requests that this Honorable Court dismiss Plaintiff's Complaint against Defendant Express Funeral Funding, LLC with prejudice.

Dated: August 9, 2023                                   Respectfully submitted,


/s/ Hasson Barnes
Hasson Barnes, Esq.
Federal Bar No. 19898

The Law Office of Hasson D. Barnes, LLC.
1330 Smith Avenue, Suite 200, # 8
Baltimore, Maryland 21209
Ph  (443) 423-0548
Fax (443) 423-0543
hassonb@hbarneslaw.com

*Attorneys for Defendant*
*Express Funeral Funding, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on this 9th day of August 2023, a copy of the foregoing was served via the Court's CM/ECF system and/or first-class mail, postage prepaid, to:

Bryant E. Davis, #481-242
Jessup Correctional Facility
PO Box 534
Jessup MD 20794
*Plaintiff Pro Se*

James E. McCollum, Jr., Esq.
The McCollum Firm, LLC
7309 Baltimore Avenue, Suite 117
College Park, Maryland 20740
*Attorney for Defendant Darius Horton*

David A. Fraser, Esq.
Assistant Attorney General
St. Paul Plaza Place
Baltimore, Maryland 21202
*Attorney for Defendant, the Maryland Office of the Attorney General*

/s/ Hasson Barnes
Hasson Barnes, Esq.